Michael Peffer (SBN: 192265)
Email: michaelpeffer@pji.org
Nilab Sharif (SBN: 231296)
Email: nsharif@pji.org
**PACIFIC JUSTICE INSTITUTE**
2200 North Grand Ave.
Santa Ana, CA 92704
Tel: (714) 796-7150

Attorneys for Plaintiff, ARELI HANSEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARELI HANSEN, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>CHAFFEY COLLEGE; DOES 1-10, inclusive<br>                Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.]**<br>**(DEMAND FOR JURY TRIAL)** |

**COMES NOW, Plaintiff, ARELI HANSEN (formerly Areli Rodriguez) (hereinafter "PLAINTIFF"), and for her Complaint alleges as follows:**

- 1 -

## INTRODUCTION

Plaintiff, ARELI HANSEN brings this action against CHAFFEY COMMUNITY COLLEGE DISTRICT ("CHAFFEY"), a public community college district. This action is based on violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et. seq.).

Plaintiff has worked for the Defendant for 20 years. In 2021, Defendant required its employees to be vaccinated for SARS-CoV-2 (COVID-19) pursuant to the Defendant's Chaffey Community College District Employee Mandatory Vaccination Implementation Plan ("the Plan"). Because of the Plaintiff's faith, she sought an accommodation for her sincerely held religious beliefs to be exempt from taking the vaccine. Although Plaintiff's religious exemption request was approved, Defendant chose to treat Plaintiff unfavorably because of her religious beliefs by offering her unreasonable accommodations and engaging in retaliatory actions against Plaintiff.

The gravamen of the complaint is that Defendant refused to reasonably accommodate, otherwise discriminated against, and retaliated against PLAINTIFF because she sought an accommodation based on her religious beliefs.

## JURISDICTION AND VENUE

1.      The Court has authority over the action pursuant to 28 U.S.C. § 1331,

in federal questions raised under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The court has supplemental jurisdiction over Plaintiff's related claims arising under corollary state anti-discrimination law pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in the Central District of California under 42 U.S.C. §2000e-5(f)(3), in that the Defendant maintains significant operations within the Central District of California. The location of Defendant where the alleged unlawful employment practices took place is within the Central District of California. This case is appropriate for assignment to the Eastern Division. The Defendant is headquartered in Rancho Cucamonga, San Bernardino County, and the situs of the alleged unlawful employment practices took place at the Defendant's Rancho Cucamonga location.

## PARTIES

## PLAINTIFF

3.    At all times relevant herein, ARELI HANSEN was an employee of CHAFFEY since 2004. Ms. HANSEN worked as an Educational Program Assistant in 2021. Ms. HANSEN's last name was Rodriguez at the time of the alleged events. Ms. HANSEN resided in the county of San Bernardino at the time of the events that gave rise to the Complaint.

/ / /

## **DEFENDANT**

4.    Upon information and belief, CHAFFEY is a public community college district operating and headquartered in the city of Rancho Cucamonga, San Bernardino County, California. At the time of the events that gave rise to this Complaint, CHAFFEY employed PLAINTIFF as an Administrative Assistant.

5.    The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1-100, inclusive are unknown to PLAINTIFF at the time, who therefore sues said DEFENDANTS by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend the Complaint when the true names, capacities, and responsibilities have been ascertained.

## **STATEMENT OF FACTS**

6.  At all times relevant hereto, the PLAINTIFF was performing competently in the position she held with DEFENDANT.

7.  PLAINTIFF began her career with DEFENDANT in 2004. At the time of the alleged events, she held the position of Educational Program Assistant. PLAINTIFF is a classified employee. PLAINTIFF is a member of the CSEA Union.

8.  Due to COVID-19, DEFENDANT went to a mainly fully remote work and instruction model in 2020.

9.  While working under DEFENDANT's remote work model, PLAINTIFF was able to successfully complete her assigned work.

10. On July 22, 2021, DEFENDANT published its COVID-19 reopening plan. According to the reopening plan, all managers and classified employees were to return to work at least 50 percent of the time onsite, and to continue to work remotely the other 50 percent of the time starting August 10, 2021.

11. On August 17, 2021, the Chaffey Governing Board passed a COVID-19 Vaccine Mandate ("the Mandate") that required employees to show proof of vaccination by October 15, 2021. The Mandate allowed for employees and students to request an exemption based on a sincerely held religious belief or a medical condition.

12. On September 28, 2021, PLAINTIFF submitted a Request for a Religious Exemption from the Vaccine Mandate due to a conflict between her sincerely held religious beliefs and the COVID-19 vaccine. In her request, PLAINTIFF explained that her decision to refuse the COVID-19 vaccine was led by the guidance of the Holy Spirit and her belief in the sanctity of the body. Her explanation of her beliefs included the following statements:

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

When Covid hit and we were all sent home on March 17, 2020, life changed for all of us.  I am grateful that my prayer life and faith did not begin then, but long before.  However, I began specifically praying and seeking God's guidance and direction in all things Covid related since that was our reality.  After much meditating on scripture, prayer and fasting and seeking the Lord, I am personally convicted by the Holy Spirit that I am not to receive any of the Covid-19 shots. I believe that if I do not obey the conviction of the Holy Spirit it would be a direct sin against God (James 4:17, Romans 14: 23b).  I believe my body is a temple of God, it is His not my own (1 Cor 6:19-20, 1 Cor 3:16-17) and He has asked me to honor it in this way. I am personally responsible unto the Lord for that which he has asked of me.  And just like each one of us, I know I will stand before the Lord one day and have to account for my actions (2 Cor 5:10).

13. While employed as an Educational Program Assistant, PLAINTIFF worked in an office which was in an isolated location.

14. PLAINTIFF had very little to no contact with other employees and/or students during the course of her work day.

15. Following submission of her religious exemption request to the Vaccine Mandate, PLAINTIFF was notified that her request had been granted. PLAINTIFF

- 6 -

was instructed to attend an interactive process meeting to discuss accommodations. PLAINTIFF was also informed that her religious beliefs would not be discussed at such a meeting.

16. On October 5, 2021, DEFENDANT held an interactive process meeting with PLAINTIFF to identify reasonable accommodations. During such meeting, DEFENDANT once again informed PLAINTIFF that her religious request was not in question. During the meeting, DEFENDANT notified PLAINTIFF that the goal of an accommodation was zero contact with others. In response, PLAINTIFF proposed the following accommodation for DEFENDANT's consideration: keeping her office door closed, using an offsite restroom, and using the exit door located less than ten (10) feet away from her office when entering and leaving the building.

17. On October 10, 2021, the District sent PLAINTIFF a post-interactive process meeting accommodation email, which included the following instructions commencing October 15, 2021:

    a. "For the days that you are scheduled to work onsite, your work location will be moved to a less populated location onsite. This accommodation is necessary in order for the District to promote the health and safety of the campus during the pandemic…."

    b. "You will participate in up to twice-weekly onsite COVID-19 testing

during the time that you are scheduled to be onsite. You will be

provided with release time to visit the onsite COVID-19 testing

center."

    c. "You will be required to wear a mask and social distance in

accordance with the District's established COVID-19 procedures at all

times that you are onsite or at any District facility."

18. On October 11, 2021, PLAINTIFF requested a follow-up interactive

process meeting.

19. DEFENDANT held a subsequent meeting with PLAINTIFF, and sent her

a supplemental accommodation plan on October 21, 2021 which included:

    a.  PLAINTIFF moving to a less populated worksite;

    b.  Submitting to weekly COVID testing, including registering with

NAVICA for onsite testing scheduling and results;

    c.  Continuing masking and social distancing protocols; and

    d.  Continuing to work remotely until October 27, 2021.

20. While registering for COVID testing with NAVICA, PLAINTIFF

became aware that NAVICA's privacy statement included a provision stating that a

registrant's information would be accessible by NAVICA employees in India and

Ukraine. When PLAINTIFF communicated her concerns about release of her

information to those outside of the United States to DEFENDANT, she was

- 8 -

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

instructed to create a "bogus" account and exclude her personal information. However, when PLAINTIFF took her first COVID test, she noticed that her personal information, including home address, phone number, email, and date of birth, appeared on NAVICA's system. When PLAINTIFF brought this to DEFENDANT's Human Resources, she was informed that DEFENDANT had independently chosen to provide her personal information to NAVICA. PLAINTIFF was quite distressed about such a blatant disregard for her privacy.

21. In October 2021, when PLAINTIFF commenced her onsite work hours, she was removed from her private office and placed in an "all unvaccinated" building, the Child Development Center (CDC) building. PLAINTIFF shared the office space with four other unvaccinated classified employees.

22. The CDC building was not a "less populated" worksite, as DEFENDANT's October accommodations email had stated, but was in fact an isolated building known as the "all unvaccinated" building. Such blatant job segregation caused PLAINTIFF to feel humiliated and discriminated against.

23. While assigned to the CDC building, PLAINTIFF was able to successfully complete her assigned work and follow all safety protocols.

24. In December 2021, each unvaccinated classified employee received a notification that the accommodations process would restart because the current accommodations no longer met DEFENDANT's needs.

25. Following receipt of the December notice, PLAINTIFF attended several meetings with DEFENDANT regarding modified accommodations during which PLAINTIFF was informed that "the unvaccinated" were no longer permitted to work during the normal business hours of 7:30 a.m.-4:30 p.m..  During one of these meetings, PLAINTIFF proposed remaining in the CDC building and working during normal business hours as an accommodation, especially since the CDC building would be available for use in the coming months DEFENDANT, however, immediately rejected PLAINTIFF's proposed accommodation, stating that construction was scheduled for the CDC building. However, to this date, construction still has not commenced.  Thus, even though PLAINTIFF was following all testing/safety protocols and successfully meeting her job requirements working out of the CDC building, DEFENDANT willfully used a false excuse in order to deny PLAINTIFF a reasonable accommodation.

26. On or about January 11, 2022, DEFENDANT informed PLAINTIFF of her new onsite work hours and accommodation terms:

    a.  PLAINTIFF was required to work split shifts, outside of normal business hours:

        i.  Work onsite Monday through Friday from 4:30 a.m.-7:30 a.m.

        ii. Tuesdays, return to the campus, work from 4:30 p.m.–7 p.m.

    b.  Submit to weekly onsite COVID testing; and

- 10 -

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

c.  Continue masking and social distancing.

DEFENDANT's communication also stated these accommodations will result in the "elimination of essential functions of your job (i.e., you are not present when the majority of the campus community is present to assist the campus community as required in your job description) and therefore such accommodations are not reasonable. However, employers, like Chaffey College, are still permitted to provide such accommodations, if they choose."

27. Although DEFENDANT's stated purpose for the implementation of these accommodations was so that it could continue to meet its goal of zero contact between unvaccinated employees and vaccinated employees and students, it is PLAINTIFF's belief and understanding that this zero contact goal did not apply to some unvaccinated faculty who were permitted to work onsite during normal business hours of 7:30am-4:30pm, were free to access various areas of the college campus, and were not required to follow safety protocols (i.e. social distancing and masking). Accordingly, PLAINTIFF believes DEFENDANT's adverse employment actions and implementation of accommodations, which DEFENDANT admitted were not reasonable, were a direct result of her religious beliefs.

28. When PLAINTIFF brought her concerns regarding this differential treatment she was experiencing to the attention of DEFENDANT's Human

Resources, DEFENDANT further displayed its discriminatory animus towards PLAINTIFF by its hostile responses to her concerns, which included telling PLAINTIFF that this is not the forum to ask her questions, that she was lucky she still had a job, and that DEFENDANT is not required to accommodate her.

29.    During the time period that PLAINTIFF was required to work split shifts, she was denied the 7% split shift differential pay to which she was entitled per the terms of Section 9.9.3 of the CSEA Collective Bargaining Agreement.

30.   As a further demonstration of its discriminatory animus towards unvaccinated employees who sought religious accommodations, DEFENDANT offered and paid vaccinated classified employees a $1,000 bonus.

31. As a result of her submission of a religious exemption request, PLAINTIFF has been deprived of the opportunity to be hired for new internal employment positions with DEFENDANT.  Although PLAINTIFF has applied for several of these new positions, positions for which she is more than qualified for, she continues to be rejected. In fact, applicants with less experience and qualifications have been offered the same jobs for which PLAINTIFF has applied.

32. PLAINTIFF continued to follow DEFENDANT's accommodations plan until Chaffey's Governing Board passed Resolution No: 111622B, which ended the Vaccine Mandate effective January 1, 2023.

33.    In July 2021, **before** DEFENDANT implemented its COVID-19

- 12 -

vaccine mandate, the Centers for Disease Control (CDC) admitted that the approved covid vaccines do not prevent the transmission of covid between individuals, and that "*vaccinated people . . . can transmit the virus.*"[1] (emphasis added).

34.    Further, regular testing had been found to be an acceptable practice as an alternative to vaccination by the appropriate authorities.

35.    Accordingly, it was clear to DEFENDANT that vaccinated employees could transmit the COVID virus when it discriminated and retaliated against PLAINTIFF by insisting on moving her to a different building, segregating her, treating her differently from other unvaccinated employees due to her religious beliefs, and forcing her to work unreasonable onsite hours while admitting that such an accommodation was not reasonable.

36.    PLAINTIFF received a Notice of Right to Sue (NRTS) from the EEOC on June 25, 2024. PLAINTIFF's EEOC NRTS serves as "Exhibit One" to this Complaint.

## **FIRST CAUSE OF ACTION**

**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**

---

[1] *See Statement from CDC Director Rochelle P. Walensky, MD, MPH on Today's MMWR* December 19, https://www.cdc.gov/media/releases/2021/s0730-mmwr-covid-19.html (last visited in September 2024)

**Failure to Provide Reasonable Accommodation Against Defendant**

37.    PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

38.    Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), it is an unlawful employment practice for an employer: (1) to fail or refuse to hire or discharge any individual, or otherwise discriminate against any individual with respect to his or her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his or her employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his or her status as an employee, because of such individual's race, color, religion, sex, or national origin.

39.    A plaintiff can make out a Title VII prima facie case for a failure to accommodate by showing (1) she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer threatened her or subjected her to discriminatory treatment because of her inability to fulfill the job requirements. *Tiano v. Dillard Dep't Stores, Inc.,* 139 F.3d 679, 681 (9th Cir. 1998).

40.    Accordingly, employers cannot treat employees more or less favorably due to their religion.

41.    The accommodation offered by the employer must be reasonable. *Lewis v. New York City Transit Auth.*, 12 F.Supp.3d 418, 442-45 (E.D.N.Y. 2014).

42.    PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

43.    PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection, and asked DEFENDANT to accommodate her sincerely held religious belief.

44.    Even though PLAINTIFF's religious exemption request was accepted, DEFENDANT chose to offer accommodations, which it admitted were not reasonable.

45.    DEFENDANT insisted on discriminating against PLAINTIFF despite the CDC's statement that vaccinated individuals could transmit the COVID virus.

46.    DEFENDANT further discriminated against PLAINTIFF when it treated PLAINTIFF unfavorably and differently based on her religious beliefs.

47.    Therefore, PLAINTIFF's religious beliefs and practices were a motivating factor in DEFENDANT's decisions.

48.    PLAINTIFF suffered significant damages because of DEFENDANT's unlawful discriminatory actions, including emotional distress, past lost wages and benefits, and the costs of bringing the action.

49.    DEFENDANT intentionally violated PLAINTIFF'S rights under Title

- 15 -

VII with malice or reckless indifference.

50.    PLAINTIFF is entitled to compensatory damages, attorney's fees, lost wages, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

51.    PLAINTIFF is entitled to further relief as set forth below in her Prayer for Relief.

## SECOND CAUSE OF ACTION
**Violation of Title VII of the Civil Rights Act of 1964 [42 U.S.C. § 2000e et seq.]**
**Retaliation Against Defendant**

52.    PLAINTIFF hereby incorporates and realleges the preceding paragraphs as though fully set forth herein.

53.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-3(a)(1), prohibits retaliation by an employer, employment agency, or labor organization because an individual has engaged in protected activity.

54.    The EEOC and the Department of Labor have taken the position that requesting a religious accommodation is a protected activity under Title VII.

55.    According to the EEOC, retaliation includes a fact pattern where an employee has opposed discrimination on the basis of religion, or complained about alleged religious discrimination. https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination.

56.    To make out a prima case for retaliation under Title VII, a plaintiff

- 16 -

must show that: (1) she engaged in a protected activity, (2) her employer took an adverse employment action against her, and (3) there was a causal connection between the protected activity and the employer's act. *Yanowitz v. L'Oreal USA, Inc*., 36 Cal.4th 1028, 1042(2005); *Passantino v. Johnson & Johnson Consumer Prods., Inc*., 212 F.3d 493, 506 (9th Cir. 2000).

57.   PLAINTIFF was, at all times relevant herein, an employee and applicant covered by U.S.C. 42 § 2000e et seq.

58.   PLAINTIFF held a deeply sincere religious objection to receiving the COVID-19 vaccine injection.

59.   PLAINTIFF engaged in a protected activity when she submitted to DEFENDANT a request for a religious accommodation to her sincerely held religious belief.

60.   PLAINTIFF further engaged in a protected activity when she raised her concerns about DEFENDANT's unfavorable and differential treatment of her.

61.    Soon after her submission of a religious exemption request, PLAINTIFF was subjected to unfavorable treatment by DEFENDANT.

62.   DEFENDANT willfully proposed accommodations, which it admitted were not reasonable.

63.   DEFENDANT willfully denied PLAINTIFF a 7% split shift differential pay to which she was entitled per the terms of Section 9.9.3 of the

CSEA Collective Bargaining Agreement.

64.     DEFENDANT willfully denied PLAINTIFF advancement in her career by refusing to hire her for new internal job positions, even though she is fully qualified for such positions.

65.     DEFENDANT insisted on taking adverse actions against PLAINTIFF despite its knowledge that vaccinated employees can transmit the virus. Therefore, PLAINTIFF's submission of a religious accommodation request, and her complaints to DEFENDANT about unfavorable and differential treatment were motivating factors in DEFENDANT's discriminatory and retaliatory treatment of PLAINTIFF.

66.     PLAINTIFF suffered significant damages because of DEFENDANT's unlawful retaliatory actions, including emotional distress, past lost wages and benefits, and the costs of bringing the action.

67.     DEFENDANT intentionally violated PLAINTIFF'S rights under Title VII with malice or reckless indifference.

68.     PLAINTIFF is entitled to compensatory damages, attorney's fees, lost wages, costs of suit, a declaration that DEFENDANT violated her rights under Title VII, and an injunction prohibiting DEFENDANT from future violations of Title VII.

69.     PLAINTIFF is entitled to further relief as set forth below in his Prayer for Relief.

## THIRD CAUSE OF ACTION

### Breach Of The Implied Covenant Of Good Faith And Fair Dealing Against Defendant

70.     PLAINTIFF hereby incorporates and realleges the preceding paragraphs, as though fully set forth herein.

71.     PLAINTIFF was at all times relevant herein an employee who performed her job in an exemplary manner.

72.     DEFENDANT and PLAINTIFF entered into an employment relationship in 2004.

73.     PLAINTIFF timely submitted her religious exemption request to DEFENDANT seeking an accommodation to its vaccine mandate.

74.     According to California law, employment contracts consist of "an implied promise of good faith and fair dealing." "This implied promise means that neither the employer nor the employee will do anything to unfairly interfere with the right of the other to receive the benefits of the employment relationship." CACI 2423; (*Comunale v. Traders & General Ins. Co.* (1958) 50 Cal.2d 654).

75.     An employer breaches the implied covenant of good faith and fair dealing by acting in bad faith to prevent an employee from enjoying the benefits of his or her employment contract, thus causing the employee damage. (*Foley v. Interactive Data Corp*. (1988) 47 Cal.3d 654, 683; *Sheppard v. Morgan Keegan & Co*. (1990) 218 Cal.App.3d 61, 66; see also BAJI 10.05, 10.35, 10.38.)

76.    DEFENDANT breached its obligation to PLAINTIFF to act in good faith and fair dealing when it:

    a. Approved PLAINTIFF's religious exemption request to its vaccine mandate without any intention of granting PLAINTIFF a reasonable accommodation;

    b. Retaliated against her by treating her unfavorably, acts which included forcing PLAINTIFF to work split shifts outside of normal business hours, denying PLAINTIFF the 7% split shift differential pay to which she was entitled per the terms of Section 9.9.3 of the CSEA Collective Bargaining Agreement, treating vaccinated employees more favorably via its $1,000 bonus incentive, and refusing to hire PLAINTIFF for new job positions at CHAFFEY despite her qualifications;

    c. Removed her from her private and isolated office to an "unvaccinated building" in order to segregate and humiliate her;

    d. Refused to engage in good faith discussions regarding PLAINTIFF's request for a reasonable accommodation, even though DEFENDANT admitted its offer of accommodations was not reasonable; and

    e. Treated PLAINTIFF differently and unfavorably from other unvaccinated staff due to her religious beliefs, even though it was aware of the lack of the COVID vaccine's efficacy.

- 20 -

77.  PLAINTIFF suffered damages because of DEFENDANT's unlawful discriminatory actions, including emotional distress and the cost of bringing this action.

78.   DEFENDANT intentionally violated PLAINTIFF's rights under CACI 2423 and, as a result, is liable for compensatory damages.

79.   PLAINTIFF is entitled to such other and further relief as more fully set forth below in her Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court grant relief as follows:

A.    Award PLAINTIFF past lost wages in an amount according to proof;

B.    Award PLAINTIFF compensatory damages in an amount according to proof;

C.    Award PLAINTIFF noneconomic damages, including but not limited to mental health suffrage;

D.    Award PLAINTIFF her reasonable attorney's fees and costs of suit;

E.    Enjoin DEFENDANT from engaging in future violations of Title VII;

F.    Declare that DEFENDANT has violated Title VII of the Civil Rights Act; and

///

///

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

G.     Grant PLAINTIFF such additional or alternative relief as the Court deems just and proper.

DATED: 9/23/2024                        **PACIFIC JUSTICE INSTITUTE**

By: *Michael Peffer*
MICHAEL J. PEFFER, ESQ.,
NILAB O. SHARIF, ESQ.
Attorneys for Plaintiff,
ARELI HANSEN

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, ARELI HANSEN, hereby demands a jury trial in the matter.

DATED: 9/23/2024                    **PACIFIC JUSTICE INSTITUTE**

By: *Michael Peffer*

MICHAEL J. PEFFER, ESQ.,
NILAB O. SHARIF, ESQ.
Attorneys for Plaintiff,
ARELI HANSEN

## **VERIFICATION**

I, Areli Hansen, am the Plaintiff in the above-captioned matter. I have read the VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.] and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true. I declare under penalty of lying under oath, under the laws of the United States and the State of California, that the foregoing is true and correct. Executed this 23rd day of September 2024, in the San Bernardino, State of California.

Areli Hansen (Sep 23, 2024 15:36 PDT)

_____

Areli Hansen

# VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)

Final Audit Report                                                    2024-09-23

| | |
|---|---|
| Created: | 2024-09-23 |
| By: | Michael Peffer (mpeffer@pji.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAPj5XBBQdNYPNgI3k0cMosRET9u3YJzHE |

## "VERIFIED COMPLAINT FOR VIOLATION OF RIGHTS UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. 2000e et seq.](DEMAND FOR JURY TRIAL)" History

- Document created by Michael Peffer (mpeffer@pji.org)
  2024-09-23 - 9:41:17 PM GMT- IP address: 12.249.207.158

- Document emailed to heluvsunme@msn.com for signature
  2024-09-23 - 9:41:20 PM GMT

- Email viewed by heluvsunme@msn.com
  2024-09-23 - 10:25:39 PM GMT- IP address: 146.75.146.1

- Signer heluvsunme@msn.com entered name at signing as Areli Hansen
  2024-09-23 - 10:36:23 PM GMT- IP address: 47.154.56.236

- Document e-signed by Areli Hansen (heluvsunme@msn.com)
  Signature Date: 2024-09-23 - 10:36:25 PM GMT - Time Source: server- IP address: 47.154.56.236

- Agreement completed.
  2024-09-23 - 10:36:25 PM GMT

Adobe Acrobat Sign

# EXHIBIT ONE (1)

HANSEN COMPLAINT FOR VIOLATION OF TITLE VII; DEMAND FOR JURY TRIAL

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/25/2024

**To:** Areli Rodriguez
8861 La Vine Street
Rancho Cucamonga, CA 91701
Charge No: 480-2023-00363

EEOC Representative and email:     ERIKA RIBOTA DE LA CONCHA
Equal Opportunity Investigator
erika.ribotadelaconcha@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Christine Park-Gonzalez
06/25/2024
Christine Park-Gonzalez
District Director

**Cc:**
Ryan L Church Esq.
Chaffey College
5885 Haven Avenue
Rancho Cucamonga, CA 91737

Michael Yoder Esq.
Mike Yoder Esq Attorney At Law
2300 Wilson Blvd. Suite 700
Arlington, VA 22201

Nicole Pearson Esq.
Mike Yoder Esq Attorney At Law
2300 Wilson Blvd Suite 700
Arlington, VA 22201


Please retain this notice for your records.